# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

v.                                              Case No. 03-CR-194

**TAMAR TAYLOR**
        Defendant.

## SENTENCING MEMORANDUM

Defendant Tamar Taylor pleaded guilty to participation in a conspiracy to distribute 500 grams or more of cocaine. 21 U.S.C. § 841(a)(1) & (b)(1)(B). The pre-sentence report ("PSR") set his base offense level at 30, U.S.S.G. § 2D1.1(c)(6), then subtracted 2 under the safety valve provision, § 2D1.1(b)(6), and 3 for acceptance of responsibility under § 3E1.1, for a final offense level of 25. Coupled with a criminal history category of I, defendant's imprisonment range was 57-71 months under the sentencing guidelines.

The government moved for a 4 level reduction under § 5K1.1 based on defendant's substantial assistance, which request I granted. I then decided to impose a sentence slightly below the resulting range in consideration of the factors set forth in 18 U.S.C. § 3553(a).

## I. SENTENCING PROCEDURE

I follow a three-step sentencing procedure in light of United States v. Booker, 543 U.S. 220 (2005). First, I determine the advisory guideline range. Second, I determine whether to grant any departures pursuant to the Sentencing Commission's policy statements. Finally, I select a sentence that is sufficient but not greater than necessary

given all of the factors set forth in § 3553(a). In the present case, neither side contested the guideline calculations in the PSR. Therefore, I proceeded to steps two and three.

## II. DEPARTURE

As noted, the government moved for a four level reduction under § 5K1.1. In ruling on such a motion, I consider five factors:

> (1) the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. I give substantial weight to the government's evaluation of the extent of the defendant's assistance, but the extent of the departure is within my discretion. I attempt to link the departure to the structure of the guidelines and typically use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. See United States v. Washington, 293 F. Supp. 2d 930, 934 (E.D. Wis. 2003).[1]

In the present case, under the first factor, I found that defendant's assistance was significant and useful both in securing guilty pleas from other members of the present

---

[1] Given the sensitive nature of defendant's assistance, I have not included in this memorandum all of the details provided on the record and in the government's sealed motion.

2

conspiracy and in assisting in the closure of several shooting cases. I therefore awarded 2 levels for this factor.

Under the second factor, the government stated that defendant's information was truthful, however, because there was no evidence as to whether it was relied upon in any substantial way I awarded 1 level for this factor. Under the third factor, I also awarded 1 level because defendant provided information but did not engage in other pro-active cooperation.

Finally, I awarded no further reduction under the fourth and fifth factors because there was no evidence of significant danger or threats, or that the cooperation was particularly timely. Therefore, with a reduction of 4 levels, defendant's imprisonment range dropped to 37-46 months.

## III. SENTENCE

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

3

     (4)     the advisory guideline range;

     (5)     any pertinent policy statements issued by the Sentencing Commission;

     (6)     the need to avoid unwarranted sentence disparities; and

     (7)     the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in sub-section (a)(2).

As to the nature of the offense, defendant was involved in selling cocaine over a significant period of time as part of the Jerome Stovall drug-trafficking organization. However, he was in the second lowest tier as far as drug weight in that organization, and there was no evidence that he was involved in the management or recruitment of others, or that he employed weapons, violence or threats. Therefore, the offense, while serious, was not aggravated.

As to the character of the defendant, he was 30 years old and, due to the effects of a gun shot wound he suffered in September 2003, paralyzed from the waist down. His medical condition was extremely fragile, as evidenced by the BOP's reluctance to transfer him for court proceedings. He had been housed at FMC-Rochester since shortly after he was arrested in this case in February 2004.

Defendant nearly died from his injuries and was hospitalized for several months. He since underwent multiple surgeries and continued to suffer significant and ongoing problems. However, at sentencing, defendant's doctor indicated that he had progressed to the point where he could care for many of his daily needs. It appeared that defendant's time at Rochester benefitted him greatly, as he has received first class care.

The individual who shot defendant was never apprehended, but it appeared that the shooting was not random and was related to defendant's drug activities. Defendant recognized that it was his own unlawful activities that placed him in harm's way. He was at the time of sentencing plainly a different person than before the injury, indicating that he would trade years in prison for time in a wheelchair.

Defendant's pre-shooting history, while less than praiseworthy, was no cause for alarm. His prior record was minimal: a few juvenile matters and ordinance violations, and a related state drug case. His criminal history category was I. Defendant dropped out of high school but to his credit later got his GED. He had very little employment history, only short term jobs, but did appear to have plans for the future. He indicated that he planned to further his education and get a job, allowing him to financially assist his child, for whom he owed substantial back child support. Also to defendant's credit was his cooperation with the government, which demonstrated positive character development.

Finally, as to the purposes of sentencing, given his present condition, defendant was not in any way dangerous or a risk of re-offending. Others would also likely be deterred by what happened to defendant, aside from the prison sentence he faced. There was a need for some period of confinement to promote respect for law but, given the non-aggravated nature of this offense, not an extended period. Defendant obviously had medical needs, which were well met at the FMC. However, it appeared that he could live with his mother and would have sufficient family support to meet his continuing needs in the community.

The guidelines called for a term of 37-46 months after the departure. I concluded that a sentence just slightly below that range was sufficient but not greater than necessary

5

to satisfy the purposes of sentencing. As indicated, defendant was not dangerous or a risk of re-offending. His physical condition kept him confined in a manner prison could not. I also believed him sincere when he stated he wanted to start over. His efforts to cooperate were evidence of that.

Under all of the circumstances, I found a sentence of 34 months sufficient but not greater than necessary. This sentence provided substantial punishment, sufficient to satisfy that need, while recognizing that the unusual nature of defendant's condition did not require greater incarceration to accomplish the other goals of sentencing. His medical needs could be met in the community. This case was sufficiently unusual such that this minor deviation from the guideline range did not create unwarranted disparity.

## IV. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 34 months, with three years of supervised release to follow. Other conditions of the sentence appear in the judgement.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge